UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Brian Johnston and Lanilee Johnston,  )
                                       )
                        Plaintiffs,    )    Case No.: 2:14-cv-0103-GMN-PAL
    vs.                                )
                                       )    **ORDER**
Nationstar Mortgage LLC,               )
                                       )
                        Defendant.     )
                                       )

Pending before the Court is the Motion to Dismiss, (ECF No. 38), and the supporting Memorandum of Points and Authorities, (ECF No. 39), filed by Defendant Nationstar Mortgage LLC.  Plaintiffs Brian Johnston and Lanilee Johnston filed a Response, (ECF No. 48), to which Defendant replied, (ECF No. 55).  For the reasons set forth herein, the Motion will be granted.

**I.     BACKGROUND**

This case centers upon Plaintiffs' allegations that Defendant failed to honor the terms of a binding loan modification agreement. (Compl., ECF No. 1).

Plaintiffs allege that they purchased a home on September 9, 2003, and financed approximately $246,393.00 of its purchase price with a loan from Republic Mortgage, LLC. (*Id.* at ¶ 19).  Subsequently, the Complaint states that Bank of America, N.A. assumed the servicing rights to the mortgage loan. (*Id.* at ¶ 20).  After Plaintiffs became unable to make their monthly mortgage payments, Plaintiffs executed a loan modification agreement with Bank of America on October 15, 2012. (*Id.* at ¶ 22).

Pursuant to the loan modification agreement, Plaintiffs submitted monthly payments at the newly reduced rate of $1,527.60, which were allegedly accepted by Bank of America in

satisfaction of the agreement's terms. (*Id.* at ¶¶ 23-24).  On November 14, 2012, Plaintiffs received notice that Bank of America had transferred its interest in the mortgage loan to Defendant. (*Id.* at ¶ 25).  When Plaintiffs repeatedly attempted to submit their monthly mortgage payment in early December 2012, Defendant allegedly stated that it was unable to process the payment because it did not yet have access to Plaintiffs' loan documents and account information. (*Id.* at ¶¶ 26, 28, 29).

After Plaintiffs transferred $1,527.60 to Defendant on December 18, 2012, Defendant sent a notice to Plaintiffs indicating that the payment was insufficient. (*Id.* at ¶¶ 30-31).  This notice also indicated that the outstanding principal balance, required monthly payments, and interest rate were higher than the corresponding values provided in the loan modification agreement. (*Id.* at ¶ 31).  On January 11, 2013, Defendant allegedly stated that it would not honor the terms of the loan modification agreement. (*Id.* at ¶ 33).

Between February 14, 2013, and December 7, 2013, the Complaint states that Plaintiffs consistently made monthly payments to Defendant in the amount of $1,527.60 pursuant to the terms of the loan modification agreement.  (*Id.* at ¶ 36).  In response, Defendant allegedly sent monthly statements containing principal balances, monthly payment amounts, and interest rates which were inconsistent with the terms of the loan modification agreement. (*Id.* at ¶ 37).  Plaintiffs further allege that Defendant sent numerous letters "demanding ever-increasing amounts from Plaintiffs to cure their purported default" in addition to attempting to charge unwarranted property inspection fees, legal fees, and interest. (*Id.*).

Plaintiffs filed this action on January 21, 2014.  The Complaint sets forth claims for: (1) Breach of Contract; (2) Breach of Third Party Beneficiary Contract; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (4) Unjust Enrichment. (Compl. ¶¶ 47-84).

In support of its Motion to Dismiss, Defendant claims that it agreed to honor the loan modification agreement thirteen days before the instant action was filed and subsequently

removed all fees associated with its delay in recognizing the agreement. (Mem. of Pts. & Authorities, ECF No. 39). Therefore, Defendant argues that this action is moot and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, before a federal court may consider the merits of a case, it must first determine whether it has proper subject matter jurisdiction. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 653-54 (9th Cir. 2002); *see also Ex Parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

"A claim becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Haro v. Sebelius*, 747 F.3d 1099, 1110 (9th Cir. 2014) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "Where one of the several issues presented becomes moot, the remaining live issues supply the constitutional requirement of a case or controversy." *Powell*, 395 U.S. at 497.

Because mootness pertains to a federal court's subject matter jurisdiction, it is properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *Id*. With a factual Rule 12(b)(1) attack, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. It also need not presume the truthfulness of the plaintiffs' allegations." *Id.* (internal citations omitted). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the

motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

## III.  DISCUSSION

Defendant argues that Plaintiffs lack a legally cognizable interest in the resolution of their claims because Defendant has agreed to honor the loan modification agreement. In support, Defendant has submitted an affidavit from its Vice President, Andrew J. Loll, stating that Defendant agreed to honor the loan modification agreement and retroactively applied its terms on January 8, 2014. (Loll Affidavit ¶ 19, ECF No. 42-2). By March 6, 2014, Loll states that Defendant had removed a total of $3,585.28 in various charges from Plaintiffs' account, some of which were incurred as a result Defendant's initial refusal to recognize the loan modification agreement. (*Id.* at ¶¶ 20-21). Plaintiffs argue that their claims are not moot, because: (1) Defendant did not properly credit all of Plaintiffs' payments or remove all of the improper fees before this case was filed, and (2) Defendant's related acts have negatively impacted Plaintiffs' credit reports. The Court will address each of these arguments in turn.

Though Plaintiffs do not dispute that Defendant agreed to honor the loan modification agreement, they argue that their claims are not moot because Defendant did not properly credit their payments or waive its improper fees before this case was filed. (Resp. to Mot. 9:20-23). However, this argument disregards the fact that a case may be rendered moot not only by events which occurred prior to the filing of a complaint, but also by subsequent events which deprive the case of "its character as a present, live controversy." *See, e.g.*, *Hall v. Beals*, 396 U.S. 45, 48 (1969).

Thus, it is not material whether Defendant properly credited all of Plaintiffs' payments or waived all improper fees before this case was filed. Plaintiffs do not dispute that Defendant agreed to honor the loan modification agreement, and they present no evidence indicating that

Defendant has acted contrary to the agreement since the filing of this case.  Accordingly, Plaintiffs' assertion that Defendant failed to fully credit Plaintiffs' account before this case was filed fails to demonstrate that a present, live controversy exists.

Plaintiffs also argue that this case is not moot because Defendant previously submitted several negative reports to credit bureaus, causing financial harm to Plaintiffs. (Resp. to Mot. 10:5-8).  However, these allegations do not appear in the Complaint, and thus cannot serve to create jurisdiction over Plaintiffs' pending claims.  Therefore, Plaintiffs have failed to produce evidence demonstrating that the Court may exercise subject matter jurisdiction over the instant case.  Accordingly, the Motion to Dismiss will be granted.[1]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 38), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint, (ECF No. 1), is **DISMISSED**.  The Clerk shall enter judgment accordingly and close the case.

**DATED** this 7th day of April, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[1] In dismissing the instant case, the Court does not rule upon whether Plaintiffs may assert claims against Defendant based on allegations of improper credit reporting.